# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

GEORGE MCKINLEY BONNER,     \*

                                \*

     Petitioner,       \*

                                \*

vs.                      \* CIVIL ACTION NO.13-00132-WS-B

                                \*

LEON FORNISS,           \*

                                \*

     Respondent.      \*

## Report and Recommendation

George McKinley Bonner, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that Bonner's habeas petition be dismissed as barred by the statute of limitations and that the Court find that he is not entitled to a certificate of appealability, and consequently, is not entitled to appeal in forma pauperis.

## I. BACKGROUND FACTS

Bonner filed the instant petition attacking his sentence and conviction imposed on November 30, 1999, by the Circuit

Court of Choctaw County, Alabama. (Doc. 1). The record reflects that pursuant to a negotiated plea agreement, Bonner pled guilty to second-degree rape, and was sentenced, as a habitual offender, to thirty years in prison. (Doc. 15-2). Bonner did not appeal his conviction or sentence. (Id.). On June 27, 2001, Bonner filed a Rule 32 petition, and it was summarily dismissed after the State responded. On appeal, the dismissal was upheld by the Alabama Court of Criminal Appeals. (Id.).

Bonner filed the instant petition for habeas corpus relief on March 13, 2013 [1]. In his petition, Bonner requests the issuance of "an order on the trial court of Choctaw County to turn over the notice of appeal" and his complete trial records associated with his "appeal file [from] September 21, 2012." (Doc. 1 at 15)[2].

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

2 As best the undersigned can discern, Bonner contends that he filed a Rule 32 petition with the Circuit Court of Choctaw County, Alabama on November 4, 2010, that after his petition was denied, he filed a Notice of Appeal by the certified mail, and that the Clerk of Count has failed to docket his appeal. According to Bonner, he filed a Rule 32 petition with the Circuit Court of Choctaw County, Alabama, which was denied. (Doc. 1 at 14, 16-17, 18. According to Bonner, he has filed Writs of Mandamus with the Alabama Court of Criminal Appeals and the Alabama Supreme Court in an attempt to force the trial court of Choctaw County to turn over his appeal and trial records.

On July 1, 2013, Respondent filed a response to Bonner's petition and argues that Bonner's petition is untimely. (Doc. 15 at 5). Respondent asserts that because Bonner pleaded guilty on November 30, 1999 and did not file a notice of appeal, his conviction became final on January 11, 2000. (Id. at 6). According to Respondent, Bonner had until January 11, 2001 to timely file his habeas petition and although he filed two Rule 32 petitions, one in June of 2001 and the other in late 2002, neither tolled the applicable statute of limitations because both Rule 32 petitions were filed beyond the statutory period. Thus, Bonner's instant habeas petition should be dismissed as untimely. (Id.).

## II.  ANALYSIS

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of

---

The writ was transferred to the Presiding Judge of the Choctaw Circuit Court for consideration. (Id. at 54).  On January 18, 2013, Bonner filed another Writ of Mandamus in the Alabama Court of Criminal Appeals, requesting that the court direct the Presiding Judge of Choctaw County Circuit Court to take some action on the writ that was transferred to him. (Id. at 54-64).

direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Bonner has not alleged that the government impeded the filing of his 2245 motion, that a retroactive new constitutional right exists in his case, or that he discovered new evidence formerly unavailable to him. Accordingly, the Court will calculate the timeliness of his petition from the date the judgment of conviction became final, which was on January 11, 2000. Ala. R. App. P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence..."); see Simmons v. Upton, 2007 U.S. Dist. LEXIS 59395, 2007 WL 2375823, *2 (M.D. Ga. August 14, 2007) ("Georgia law provides that an appeal of a guilty plea shall be filed within 30 days of such plea...In this case, petitioner entered a guilty plea on May 25, 2001; petitioner did not file a direct appeal, therefore, his conviction became final on or about June 25, 2001, when the time for filing such an appeal expired.")[3]; Jennings v. Meadows, 2006 U.S. Dist. LEXIS 29369, 2006 WL 1134083, *2 (S.D. Ga. April 21, 2006) ("[B]ecause Petitioner did not file an appeal, his conviction became 'final' when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner's conviction and sentence were rendered on March 20, 1998, his conviction became final on or

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

about April 19, 1998."); <u>Sweet v. Crosby</u>, 2006 U.S. Dist. LEXIS 28872, 2006 WL 1319440, *1 (M.D. Fla. May 12, 2006) ("Petitioner's conviction was entered on August 14, 1998. Because he did not file a direct appeal, his conviction became final thirty days later, on September 14, 1998."); <u>cf.</u> <u>Adams v. United States</u>, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). In this action, Bonner was convicted and sentenced on November 30, 1999, and his sentence became final on January 11, 2000 because he did not file a notice of appeal. The one-year statute of limitations period within which he could seek habeas relief began to run on January 11, 2000 and expired on January 11, 2001. As noted, Bonner's habeas corpus petition was not filed with this Court until March 13, 2013, more than twelve (12) years after the statutory period had expired.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. <u>See</u> <u>In Re Hill</u>, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Bonner filed two Rule 32 petitions with the trial court, neither petition was pending during the running of the limitation period as they were not filed until June of 2001 and in late 2002. (Doc. 5 at 6). Because they were not filed until after the AEDPA limitation

period had expired, they had no tolling effect. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state-court petition...that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.") (citation omitted). Accordingly, Bonner's Rule 32 petitions did not toll the limitations period, and as a result, his habeas petition is untimely.

Before recommending the dismissal of Bonner's habeas petition as untimely, the undersigned must determine whether Bonner has pled extraordinary circumstances that require a contrary conclusion. Unless Bonner can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition must be dismissed as untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of
> limitations, not a jurisdictional bar.
> Therefore, it permits equitable tolling
> 'when a movant untimely files because of
> extraordinary circumstances that are both
> beyond his control and unavoidable even
> with diligence.' <u>Sandvik v. United States</u>, 177
> F.3d 1269[, 1271 (11th Cir. 1999)].
> Equitable tolling is an extraordinary remedy
> which is typically applied sparingly. <u>See
> Irwin v. Dept. Of Veterans Affairs</u>, 498 U.S.
> 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435
> (1990).

<u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000); <u>see also
Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616,
618-19 (3rd Cir. 1998) ("equitable tolling is proper only when
the 'principles of equity would make [the] rigid application [of
a limitation period] unfair.'... [g]enerally, this will occur
when the petitioner has 'in some extraordinary way...been
prevented from asserting his or her rights.'...[t]he petitioner
must show that he or she 'exercised reasonable diligence in
investigating and bringing [the] claims.'... [m]ere excusable
neglect is not sufficient."). Moreover, as a general rule, "the
'extraordinary circumstances' standard applied in [the Eleventh]
[C]ircuit focuses on the circumstances surrounding the late
filing of the federal habeas petition, rather than the
circumstances surrounding the underlying conviction." <u>Helton v.
Sec'y of Dep't. of Corrections</u>, 259 F.3d 1310, 1314 (11th Cir.
2001), <u>cert. denied</u>, 535 U.S. 1080 (2002); <u>Drew v. Department of
Corrections</u>, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Bonner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. See Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). In the space provided on the Court's habeas form to indicate why the statute of limitations does not bar his conviction, Bonner merely wrote "See Attachment"; however, a thorough review of his attached documents fails to provide any justification or even address the untimely filing of his habeas petition in this Court. (Doc. 1 at 12). Bonner has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Consequently, Bonner has failed to present any evidence that demonstrates that he is entitled to the equitable tolling of the AEDPA's statutory limitations period. His petition should therefore be dismissed as time-barred.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Bonner's petition does not warrant the issuance of a Certificate of Appealability as his petition is clearly time-barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Bonner should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition

11

or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Bonner's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

## III. <u>CONCLUSION</u>

The undersigned recommends that this action be dismissed as barred by the statute of limitations.[4]  The undersigned Magistrate Judge further opines that Bonner is not entitled to the issuance of a certificate of appealability, and therefore, should be not permitted to proceed *in forma pauperis*.

## <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

---

[4] Also pending before the Court are several other motions filed by Petitioner (Docs. 9, 13, 14, 17, 20, 21), in light of the undersigned's recommendation, these motions are due to be **DENIED** as moot.

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **February, 2014.**

_____**/s/ SONJA F. BIVINS**_____
**UNITED STATES MAGISTRATE JUDGE**
